## E. F. GILL v. STATE.

No. A-3129.   Opinion Filed April 8, 1919.

(179 Pac. 618.)

1. **APPEAL AND ERROR—Appeal by Certified Transcript of Record—Errors Considered.** On an appeal taken by a certified transcript of the record, this court is at liberty to consider only such alleged errors as are based upon a consideration of the record proper as defined by section 5960, Rev. Laws 1910.

2. **SAME—Remarks of Trial Judge on Overruling Motion for New Trial.** A discourse made by the trial judge, expressing his opinion of the case at the time of overruling a motion for new trial and pronouncing judgment and sentence against defendant, does not constitute a part of the transcript of the record proper, and should not be incorporated into the same.

3. **APPEAL AND ERROR—Failure to Appear or File Brief—Affirmance.** Where no appearance is made for plaintiff in error, either by submission of a brief or oral argument, this court will examine the record, and, where no prejudicial error appears, will affirm the judgment.

*Appeal from District Court, Harper County;*
*W. C. Crow, Judge.*

E. F. Gill was convicted of the crime of adultery, and sentenced to pay a fine of $250 and costs, and he appeals. Affirmed.

PER CURIAM. This is an appeal by transcript of the record from a judgment of conviction rendered in the district court of Harper county against the defendant, E. F. Gill, sentencing him to pay a fine of $250 and the costs of the action for the crime of adultery.

The court has examined the record, and finds no prejudicial error sufficient to authorize a reversal of this judgment. There is an attempt to incorporate as part of the transcript a long dissertation delivered by the district judge at the time sentence was pronounced against defendant, and it is claimed in the petition in error that an examination of this discourse evidences in the mind of the district judge a doubt as to the guilt of the defendant. Such a discourse forms no part of the record. *Lumpkin v. State,* 5 Okla. Cr. 488, 115 Pac. 478.

An appeal by transcript includes only the following papers:

(1) The indictment or information, and a copy of the minutes of the plea or demurrer.

(2) A copy of the minutes of the trial.

(3) The charges given or refused, and the indorsements, if any, thereon.

(4) A copy of the judgment. Section 5960, Revised Laws 1910.

It is apparent, therefore, that the attempt to incorporate this discourse by the trial judge into the record in this case must fail, and, for the reason that it forms no part of the record, this court is not at liberty to consider any alleged error based upon it.

Finding no prejudicial error in the record properly constituting the transcript which the clerk is authorized

to certify, the judgment must be affirmed, and it is so ordered.